REQUESTED BY: Donald L. Knowles, Douglas County Attorney, Omaha, Nebraska
Are the records, including the names of prize winners, maintained by the county in connection with a lottery conducted under the provisions of Neb.Rev.Stat. §§ 28-1116 and28-1116.01 (Supp. 1983) public records subject to inspection and copying by the general public?
Yes.
Neb.Rev.Stat. § 84-712 (Reissue 1981) provides that except as otherwise expressly provided by statute, all citizens and other persons are fully empowered to examine and make abstracts of the public records as defined in 84-712.01.
Neb.Rev.Stat. § 84-712.01 (Reissue 1981) provides in part:
 Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to
this state, any county, city, village, political subdivision, or tax-supported district in this state, . . . (Emphasis added.)
The records in question are `of' and `belong' to the county and are necessary to show compliance with the lottery statutes mentioned above.
We have found no express statute making lottery records confidential, as required by both §§ 84-712 and 84-712.01, before they may be removed from public inspection.
In addition, § 84-712.05 (Supp. 1983) specifically lists records which may be withheld from the public by the custodian of the records. The lottery records are not mentioned therein. However, such records as personal information in records regarding students at tax-supported educational institutions and public utility records concerning clients' accounts and credit information are listed as exclusions; the foregoing examples indicate the Legislature did not intend that public records were only confined to governmental functions in the strictest sense, but also includes other authorized governmental activities.
In view of the strong expression of the intention of the Legislature in the foregoing statutes to make public all records belonging to the public agencies listed, except when expressly stated otherwise, it is our opinion that the public is entitled to access to lottery records of the county conducted under §§ 28-1116 and 28-1116.01.
In view of the foregoing, it is not necessary to determine whether these records relate to `public funds' in the strict sense of that term under the provisions of subsection (2) of § 84-712.01, which gives a further admonition that these statutes relating to public inspection of records, when relating to public funds, shall be liberally construed in order that the citizens shall have full access to such information.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General